RECEIVED

2005 JUL 26  P 3:28

P. HACKETT, CL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| DAVID TYRONE EASTLAND (AIS #115661), | * |
| | * |
| Plaintiff, | * |
| | * |
| V. | 2:05-CV-514 |
| | * |
| DR. WHYTE, et al. | * |
| | * |
| Defendants. | * |
| | * |

## ANSWER

COMES NOW the Defendant, Martha Jackson, L.P.N. (who is named in the Plaintiff's Complaint as "Mrs. Jackson"), for Answer to the Plaintiff's Complaint herein, and says as follows:

1. This Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

2. This Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4. This Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

6. This Defendant pleads the defense of qualified immunity and avers that the actions taken by her were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. This Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

8. This Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the Plaintiff's Complaint against the Defendant, sued in her individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. This Defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. This Defendant avers that she was at all times acting under color of state law and, therefore, she is entitled to substantive immunity under the law of the State of Alabama.

13. This Defendant pleads the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendant would

amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. This Defendant pleads the defense that at all times in treating the Plaintiff she exercised the same degree of care, skill, and diligence as other health care providers would have exercised under similar circumstances, and that at no time did she act towards the Plaintiff with deliberate indifference to any serious medical need.

18. This Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render her liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. This Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

20. This Defendant pleads the affirmative defense that the Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. This Defendant pleads the affirmative defense that she is not responsible for the policies and procedures of the Alabama Department of Corrections.

22. This Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. This Defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against her and that any such award would violate the United States Constitution.

24. This Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of the Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

27. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

29. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

money damages from the Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.   This Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. § 1988 to award this Defendant reasonable attorney's fees and costs incurred in the defense of this case.

Respectfully submitted,

L. Peyton Chapman, III
Alabama State Bar Number CHA060
R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for the Defendant
Martha Jackson, L.P.N.

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: lpc@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certified that I have mailed via U.S. mail, properly addressed and first-class postage prepaid, the foregoing document this the 26th day of July, 2005, to the following:

David Tyrone Eastland
AIS #115661
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089

R. Brett Garrett
Alabama State Bar Number GAR085