RECEIVED
2005 JUL 26  P 3: 28
...A P. HACKETT, CL...
...DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| DAVID TYRONE EASTLAND (AIS #115661), | * |
| | * |
| Plaintiff, | * |
| | * |
| V. | 2:05-CV-514 |
| | * |
| DR. WHYTE, et al. | * |
| | * |
| Defendants. | * |
| | * |

## SPECIAL REPORT OF DEFENDANT

COMES NOW the Defendant, Martha Jackson, L.P.N. (who is named in the Plaintiff's Complaint as "Mrs. Jackson"), in response to this Honorable Court's Order of June 9, 2005, as extended, and presents the following Special Report with regard to this matter.

### I. INTRODUCTION

The Plaintiff, David Tyrone Eastland (AIS# 115661), is an inmate who has been confined at Bullock County Correctional Facility located in Union Springs, Alabama since January 23, 2003. On June 1, 2005, Eastland filed a lawsuit against Martha Jackson, L.P.N., a nurse at Bullock County Correctional Facility, and a physician described in Eastland's Complaint only as "Dr. Whyte." While much of Eastland's Complaint is undecipherable, Eastland specifically claims that Nurse Jackson failed to allow him access to evaluation by a physician on May 23, 2005.


SCANNED
7.26.05

As directed, Nurse Jackson has undertaken a review of Plaintiff Eastland's claims to determine the facts and circumstances relevant thereto. At this time, Nurse Jackson is submitting this Special Report, which is supported by an updated Certified Copy of Plaintiff Eastland's medical records (attached hereto as Exhibit "A") and the Affidavit of Martha Jackson, L.P.N. (attached hereto as Exhibit "B"). These evidentiary materials demonstrate that Plaintiff Eastland has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

David Tyrone Eastland (AIS# 115661) is an inmate who is currently incarcerated at Bullock County Correctional Facility. (See Exhibits "A" & "B"). Mr. Eastland has been seen and evaluated by the medical and nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Bullock. (Id.)

Eastland claims that Nurse Jackson failed to provide him with access to medical evaluation on May 23, 2005. (See Complaint). While Nurse Jackson has no recollection of seeing Mr. Eastland on May 23, 2005, she has testified that she has never denied Mr. Eastland access to medical evaluation or treatment. (See Exhibit "B"). Further, had medical attention been indicated for Mr. Eastland, he would have been referred to Dr. Tahir Siddiq, the Medical Director at Bullock, for evaluation and treatment in a timely fashion. (Id.)

It is clear from reviewing Eastland's medical records that he was provided medical evaluation on May 24, 2005, one day after the alleged denial of care, and was afforded antifungal hemorrhoid cream and Benzoyl Peroxide for rectal cleansing. (Id.)

All of Eastland's medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion at Bullock County Correctional Facility. (See Exhibits "A" and "B"). At all times, Nurse Jackson and the other healthcare providers at Bullock have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.) At no time has Nurse Jackson or any of the medical or nursing staff at Bullock County Correctional Facility denied Eastland any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Eastland. (Id.) At all times, the Plaintiff's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

This Defendant asserts the following defenses to the Plaintiff's claims:

1. This Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

2. This Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4. This Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

3

6. This Defendant pleads the defense of qualified immunity and avers that the actions taken by her were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. This Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

8. This Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the Plaintiff's Complaint against the Defendant, sued in her individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. This Defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. This Defendant avers that she was at all times acting under color of state law and, therefore, she is entitled to substantive immunity under the law of the State of Alabama.

13. This Defendant pleads the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendant would

amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.    The Plaintiff's claims against the Defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.    This Defendant pleads the defense that at all times in treating the Plaintiff she exercised the same degree of care, skill, and diligence as other health care providers would have exercised under similar circumstances, and that at no time did she act towards the Plaintiff with deliberate indifference to any serious medical need.

18.    This Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render her liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.    This Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

20.    This Defendant pleads the affirmative defense that the Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.    This Defendant pleads the affirmative defense that she is not responsible for the policies and procedures of the Alabama Department of Corrections.

22.    This Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. This Defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against her and that any such award would violate the United States Constitution.

24. This Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of the Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

27. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

29. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

money damages from the Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.     This Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. § 1988 to award this Defendant reasonable attorney's fees and costs incurred in the defense of this case.

## IV. ARGUMENT

In an effort to defeat baseless claims at the earliest possible opportunity, our Circuit requires that a plaintiff in a civil rights action allege with necessary specificity facts which demonstrate a claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). This requirement is in place so that a defendant can file an appropriate responsive pleading. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 777 F.3d 364, 366 (11th Cir. 1996). Eastland does not meet this heightened pleading responsibility, and for that reason his Complaint is subject to dismissal.

In order to state a cognizable claim under the Eighth Amendment, Eastland must allege acts or omissions sufficiently harmful to evidence deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 49 L. Ed. 2d 859 (1976); McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999); Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994); Palermo v. Correctional Medical Services, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). In order to prevail, Eastland must allege and prove that he suffered from a serious medical need, that Nurse Jackson was deliberately indifferent

to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, Alabama, 225 F. 3d 1243, 1255 (11th Cir. 2000) and Palermo, supra.

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's alleged negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is in prison. See Estelle, supra, McElligott, supra, Hill, supra and Palermo, supra. Further, a mere difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, supra, 429 U.S. at 106-108. Nurse Jackson may only be liable if she had knowledge of Eastland's medical condition and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, supra, 429 U.S. at 104-105 and Hill, supra, 40 F. 3d at 1191.

Obviously, Plaintiff Eastland cannot carry his burden. The evidence submitted with this Special Report clearly shows that Nurse Jackson did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. To the contrary, the evidence demonstrates that Eastland's claims are without merit, that his medical conditions have been adequately and timely addressed at all times, and that he has not been denied any necessary medical treatment. Appropriate standards of care were followed at all times. The evidence, in other words,

shows without dispute that all of Plaintiff Eastland's medical conditions have been thoroughly evaluated, treated, and monitored in a timely and appropriate manner. These facts clearly disprove any claim that Nurse Jackson acted intentionally or recklessly to deny treatment or care.

To the extent that Plaintiff seeks to hold Nurse Jackson liable for alleged acts or omissions of other persons or entities (including the Alabama Department of Corrections or any of its employees), such efforts must necessarily fail because there is no liability for violations of Section 1983 under a theory of *respondeat superior*. See Monell v. Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir.1990). For this reason, Nurse Jackson, like a government entity, can be liable under Section 1983 only if the Plaintiff can prove that she caused a violation of his constitutional rights through its adoption of an official policy, practice, or custom. See Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997); Ort v. Pinchback, 786 F. 2d 1105, 1107 (11th Cir. 1986

Even further, Nurse Jackson is entitled to qualified immunity from all claims asserted by Eastland in this action. There is no argument Nurse Jackson was not acting within the scope of her discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because Nurse Jackson has demonstrated that she was acting within the scope of her discretionary authority, the burden shifts to Eastland to show that Nurse Jackson violated clearly established law based upon objective standards. Eubanks, supra, 40 F. 3d at 1160. The Eleventh Circuit requires that before Nurse Jackson's actions can be said to have violated clearly established constitutional rights, Eastland must show that the right

allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987)). As stated by the Eleventh Circuit in Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1150 (11th Cir. 1994).

> In considering whether the law applicable to certain facts is clearly established, the facts of the case relied upon as precedent are important. The facts may not be the same as the facts of immediate case. But they do need to be materially similar. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.

Lassiter, 28 F.3d at 1150 (citations omitted; emphasis in original).

Therefore, to defeat summary judgment, Eastland must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F. 3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter, 28 F. 3d

10

at 1151. Nurse Jackson submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Eastland's constitutional rights. All Eastland's medical needs have been addressed or treated. (See Exhibits "A" and "B"). Nurse Jackson has treated Eastland's conditions, and has managed and treated his problems at all times. (Id.)

Pursuant to the Court's June 9, 2005 Order, as extended, Nurse Jackson requests that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. Nurse Jackson has demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that she is, therefore, entitled to a judgment in her favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. Accordingly, Nurse Jackson requests that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in her favor.

Respectfully submitted,

/s/

L. Peyton Chapman, III
Alabama State Bar Number CHA060
R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for the Defendant
Martha Jackson, L.P.N.

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: lpc@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed via U.S. mail, properly addressed and first-class postage prepaid, the foregoing document this the 26th day of July, 2005, to the following:

David Tyrone Eastland
AIS #115661
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089

/s/

R. Brett Garrett
Alabama State Bar Number GAR085