IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID TYRONE EASTLAND, #115661, )
                                              )
    Plaintiff,                     )
                                              )
    v.                           )    CIVIL ACTION NO. 2:05-CV-514-T
                                              )                   [WO]
                                              )
DR. WHITYE, et al.,             )
                                              )
    Defendants.                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by David Tyrone Eastland ["Eastland"], a state inmate, on June 1, 2005. In this complaint, Eastland challenges the medical treatment provided to him for hemorrhoids. A review of the file in this case demonstrates that the plaintiff perfected service only on nurse Martha Jackson.

Defendant Jackson filed a special report and supporting evidentiary materials addressing Eastland's claim for relief lodged against her. Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of October 25, 2005 - Court Doc. No. 18*. Thus, this case is now pending on defendant Jackson's motion for summary judgment. Upon consideration of this motion and the undisputed evidentiary materials filed in support thereof, the court concludes that defendant Jackson's motion for summary judgment is due to be granted. Additionally, in light of Eastland's failure to perfect service on Dr. Whitye, the court

concludes that the claims presented against this individual are due to be dismissed. *See* Rule 4(m), *Federal Rules of Civil Procedure*.

## I. DISCUSSION

### A. The Claims Against Nurse Jackson

1. Facts. In 2004, medical personnel at the Bullock County Correctional Facility diagnosed Eastland with anorectal fistula and referred him to a free-world physician for surgery to correct this condition. A private physician successfully performed this surgery on December 15, 2004. Eastland complains that on May 23, 2005 he asked defendant Jackson for a body chart but she refused this request.

2. Standard of Review. To survive defendant Jackson's properly supported motion for summary judgment, Eastland must produce some evidence which would be admissible at trial supporting his constitutional claim. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a properly supported motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d

553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996) .

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Eastland has failed to present evidence necessary to establish existence of a genuine issue of material fact in order to preclude summary judgment.

    3. <u>Legal Analysis</u>.  To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those persons responsible for providing medical treatment acted with deliberate

indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and

unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). A prison medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Moreover, the mere fact that an inmate desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

Eastland asserts only a conclusory allegation that defendant Jackson denied him necessary medical treatment. The undisputed evidentiary materials demonstrate that medical personnel routinely examined Eastland, evaluated his condition and responded in an appropriate manner to his requests for treatment. *See Defendant Jackson's Exhibit A - Medical Records of David T. Eastland.* These materials likewise establish that the medical staff repeatedly prescribed an antifungal cream, various medications and other forms of therapy during the treatment of Eastland's myriad complaints. Moreover, the medical records demonstrate that a nurse assigned to the health care unit examined Eastland on May 24, 2005. Based upon this examination, the attending nurse furnished Eastland with anti-fungal hemorrhoid cream and Benxoyl Peroxide for rectal cleansing. It is therefore clear that the course of treatment undertaken by the correctional medical staff was neither grossly incompetent nor inadequate. Eastland fails to present any evidence demonstrating that

defendant Jackson disregarded a substantial risk to his health. In light of the foregoing, it is clear that Eastland has utterly and completely failed to establish that defendant Jackson acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of this defendant.

### B. Lack of Service

Although Eastland names Dr. Whitye as a defendant, service has not been perfected on this individual. The court entered orders informing Eastland of the failure to perfect service on Dr. Whitye, advising him of his responsibility to provide the court with a correct address for service and cautioning him that the failure to perfect service would result in the dismissal of his claims against any defendant on whom service was not perfected. *See Order of July 18, 2005 - Court Doc. No. 12* and *Order of August 23, 2005 - Court Doc. No. 17*.

Under Rule 4(m), "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice.... [I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." When a plaintiff fails to perfect service of process within the 120-day period, dismissal is mandatory unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period. *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (interpreting the 120-day period as it appeared in Rule 4(j), *Federal*

*Rules of Civil Procedure*, the predecessor to Rule 4(m), *Federal Rules of Civil Procedure*); *In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (Absent a showing of good cause, a district court has no discretion to salvage an action in the event of a violation of Rule 4(m)); *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir.2005) (A court may grant an extension to serve process for either "good cause" or another sufficient ground). "[C]ourts have found 'good cause' under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991).

The time allowed for perfecting service of process on Dr. Whitye expired on September 29, 2005. Eastland has failed to demonstrate either good cause or sufficient grounds for extension of the time period contained in Rule 4(m). Consequently, Eastland's claims against Dr. Whitye are subject to dismissal without prejudice as service has not been perfected on this individual within the 120-day period required by Rule 4(m).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Jackson's motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of defendant Jackson.

3. The claims against Dr. Whitye be dismissed without prejudice for lack of service in accordance with the provisions of Rule 4(m), *Federal Rules of Civil Procedure*.

4. This case be dismissed.

It is further

ORDERED that on or before December 19, 2005 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of December, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE